Judge Owsley
delivered the Opinion of the Court.
In a proceeding under the law concerning bastards, John Gillin was adjudged, by the county court of Montgomery, to be the father of a bastard child, of which Henrietta Pence, then Johnston, had been delivered; and in obedience to the order of the court, the said Gillin, together with Thomas B. Gillin, bis surety, entered into and acknowledged bond for the payment of twenty dollars per annum, for five years, for the support of the child.
The money was not paid, and Thomas B. Gillin having departed this life, notice was given to John Gillin and Abner Barnard, the executor of Thomas Gillin, by Henrietta Pence, that, she would, on a named day, move the county court of Montgomery, for judgment upon the bond, for the amount unpaid. The notice was regularly served; and upon hearing the parties, the court rendered judgment for the amount due against John Gillin, in his personal right, and against the estate of Thomas B, Gillin, in the hands of his executor to be administered.
The judgment can not, we apprehend, be sustained Were both of the obligors named is the bond *305 set living, it doubtless would be competent for the county court upon notice in the manner prescribed by the act upon the subject of bastards, to render judgment against them, fur whatever sum might ascertained to be due upon the bond.
In such motions, the executor of a deceased obligor and a survivor can not be united.
At common law, the action remained against the survivor in the joint obligation——The statute only authorized the action on the joint obligation against the executor of the decedent. It does not give a joint action against executor and survivor.
In motions on bastardy bonds, the rule that forbids uniting the surviving obligor and decedent's executor, applies.
Triplett for the plaintiff; Denny, Attorney General, for the defendants.
But as the surety, Thomas B. Gillin, appears to have departed this life, it Was incorrect to unite his representative in the notice with John Gillin; and incompetent for the court, upon the trial of the motion, to render judgment against either the representative of Thomas or against John.
At common law, the remedy to recover upon a joint obligation after the decease of part of the obligors, was against the survivor; and although, by a statute of this country, redress is allowed against the representative of the deceased obligor, that statute has been construed not to authorize a joint action against the representatives of the deceased and the surviving obligor. Upon the death of one of two or more joint obligors, the obligation, since the statute, has a several operation, and the action, tho’ it may be brought against the representative of the deceased, or the survivor, must be against the one or the other separately, and not against both jointly.
This is undoubtedly true as respects common law actions, founded upon ordinary bonds, and as the act under which the bond in question was taken, is silent upon the subject, the same principle must, we apprehend, prevail in a proceeding like the present. The motion made by Henrietta Pence is nothing more nor less than an action to recover upon a joint bond, and the reason which forbids the representatives of a deceased obligor and the survivor to be joined in a common law action, founded upon an ordinary bond, also forbids the joint notice and motion against John Gillin, the surviving obligor and Barnard, the the executor of the deceased co-obligor.
The judgment must, therefore, be reversed with cost, the cause remanded to the court below, and the joint notice quashed.